IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case no. 11-cv-341 |
| ADVANCE AUTO BODY LLC, SHAWN BIERD, AND KATRINA BIERD | ) |
| Defendants. | ) |

**COMPLAINT FOR PERMANENT INJUNCTION
AND FOR OTHER RELIEF**

Plaintiff, the United States of America, brings this complaint to (1) seek injunctive relief against defendants Advance Auto Body LLC, Shawn Bierd, and Katrina Bierd, (2) reduce to judgment certain assessments made against Advance Auto Body LLC for unpaid federal employment and unemployment tax liabilities, and (3) reduce to judgment certain assessments made against Shawn Bierd and Katrina Bierd pursuant to 26 U.S.C. §6672. In support of this complaint, the United States alleges as follows:

1. This action is commenced at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General pursuant to 26 U.S.C. §§ 7401 and 7402.

2. Jurisdiction is conferred on this Court by 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 in that the

defendants reside or are located in this district and because a substantial part of the events or omissions giving rise to this action occurred within this district.

4. Defendant Advance Auto Body LLC conducts business in Madison, Wisconsin.

5. Advance Auto Body LLC is engaged in the business of automobile body repair and painting.

6. Defendant Shawn Bierd resides in Deerfield, Wisconsin, within this judicial district. Mr. Bierd is one of the members of Advance Auto Body LLC.

7. Defendant Katrina Bierd resides in Deerfield, Wisconsin, within this judicial district. Ms. Bierd is one of the members of Advance Auto Body LLC.

**COUNT I:    Claim for Injunction**

8. Section 7402(a) of the Internal Revenue Code, 26 U.S.C., authorizes courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other remedies." 26 U.S.C. § 7402(a).

9. As an employer, Advance Auto Body LLC is required by law to withhold from its employees' wages federal income and Federal Insurance Contributions Act (FICA) taxes, and to pay over to the IRS those withholdings, along with the employer's own FICA and Federal Unemployment Tax Act (FUTA) taxes (collectively, "employment taxes").

10. Since at least 2003 Advance Auto Body LLC has failed to comply with its federal tax obligations by failing to timely file Forms 941 and failing to timely pay federal employment and unemployment taxes.

11. Since the 2004 tax year Advance Auto Body LLC has failed to file the required yearly

tax return, the Form 1065.

12. Advance Auto Body LLC has not filed Forms 940 for 2009 or 2010.

13. Advance Auto Body LLC did not file the required Forms 941 for 2010.

14. Though crediting its employees for withholding federal employment tax payments, since April of 2003, Advance Auto Body LLC has made only two federal tax deposits.

15. In addition to failing to pay the government its employees' tax withholdings, Advance Auto Body LLC continually fails to pay its *employer's* share of Form 941 employment taxes (FICA) and Form 940 unemployment taxes (FUTA).

16. A delegate of the Secretary of the Treasury timely made assessments against Advance Auto Body LLC for unpaid Forms 941 and 940 taxes as follows:

| Tax Period Ending | Tax Form | Assessment Date | Amount of Assessment | Amount Due[1] as of 5/9/2011 |
|---|---|---|---|---|
| 06/30/2003 | 941 | 7/31/2003 | $4,340.74 | $ 3,825.16 |
| 09/30/2003 | 941 | 2/2/2004 | $5,603.48 | $10,030.78 |
| 12/31/2003 | 941 | 1/31/2004 | $3,954.64 | $ 8,170.13 |
| 3/31/2004 | 941 | 4/30/2004 | $5,019.22 | $10,267.35 |
| 6/30/2004 | 941 | 7/31/2004 | $2,810.66 | $ 5,682.75 |
| 9/30/2004 | 941 | 11/8/2004 | $3,779.09 | $ 7,807.36 |
| 12/31/2004 | 941 | 12/31/2007 | $2,948.60 | $ 6,380.90 |
| 3/31/2005 | 941 | 12/31/2007 | $4,091.39 | $ 8,994.59 |
| 6/30/2005 | 941 | 12/31/2007 | $1,494.82 | $ 3,219.94 |
| 9/30/2005 | 941 | 12/31/2007 | $1,319.08 | $ 2,566.09 |

---

[1] This amount reflects interest and statutory accruals, as well as abatements made for certain periods based on Form 941 tax returns submitted by Advance Auto Body LLC after the IRS made assessments pursuant to 26 U.S.C. § 6020(b).

| | | | | |
|---|---|---|---|---|
| 12/31/2005 | 941 | 12/31/2007 | $1,064.57 | $ 1,602.30 |
| 3/31/2006 | 941 | 12/31/2007 | $1,397.14 | $ 2,326.27 |
| 6/30/2006 | 941 | 12/31/2007 | $1,576.46 | $ 3,011.95 |
| 9/30/2006 | 941 | 12/31/2007 | $1,713.87 | $ 2,811.37 |
| 12/31/2006 | 941 | 12/31/2007 | $1,546.89 | $ 2,732.79 |
| 3/31/2007 | 941 | 12/31/2007 | $3,662.82 | $ 3,116.38 |
| 6/30/2007 | 941 | 12/31/2007 | $2,122.68 | $ 2,407.65 |
| 9/30/2007 | 941 | 12/31/2007 | $2,707.40 | $ 2,573.99 |
| 12/31/2007 | 941 | 12/8/2009 | $2,274.55 | $ 1,672.63 |
| 3/31/2008 | 941 | 12/8/2009 | $2,330.81 | $ 3,105.93 |
| 6/30/2008 | 941 | 12/8/2009 | $2,385.65 | $ 2,074.71 |
| 9/30/2008 | 941 | 12/8/2009 | $2,441.08 | $ 1,938.98 |
| 12/31/2008 | 941 | 12/8/2009 | $2,496.57 | $ 2,373.21 |
| 03/31/2009 | 941 | 12/8/2009 | $2,552.05 | $ 2,820.02 |
| 6/30/2009 | 941 | 12/8/2009 | $2,607.53 | $ 3,212.40 |
| 9/30/2009 | 941 | 12/8/2009 | $2,663.00 | $ 1,664.70 |
| 12/31/2009 | 941 | 1/31/2010 | $2,718.49 | $ 1,426.53 |
| 12/31/2004 | 940 | 12/31/2007 | $ 148.94 | $    53.38 |
| 12/31/2005 | 940 | 12/31/2007 | $ 112.00 | $   242.24 |
| 12/31/2006 | 940 | 12/31/2007 | $  56.00 | $   101.40 |
| 12/31/2007 | 940 | 12/8/2009 | $1,557.53 | $ 2,597.30 |
| 12/31/2008 | 940 | 12/8/2009 | $1,695.55 | $ 2,584.17 |
| | | | | $113,395.35 |

Total:

17. The IRS has filed Notices of Federal Tax Lien with the Register of Deeds in Madison, Wisconsin, and with the State Department of Financial Institutions, Madison,

Wisconsin.

18. The IRS has assessed Trust Fund Recovery Penalties against Shawn Bierd and Katrina Bierd under 26 USC § 6672 as persons responsible for collecting and paying over the trust fund portion of Advance Auto Body LLC's employment taxes and willfully failing to pay over those taxes.

19. The IRS has delivered Notices of Intent to Levy to Advance Auto Body LLC, but has not been able to collect the full amount due.

20. Instead of paying these taxes, Shawn Bierd has made frivolous tax arguments when communicating with the Internal Revenue Service to avoid the tax liabilities owed by Advance Auto Body LLC.

21. For example, after the IRS sent a Notice of Intent to Levy to Advance Auto Body LLC dated April 12, 2004, Shawn Bierd, on April 23, 2004, filed a frivolous UCC Financing Statement with the Wisconsin Department of Financial Institutions listing the debtor as Bierd, Shawn Robert - Trade-Name/TradeMark.

22. The UCC Financing Statement notes that property, including birth documents regarding Shawn Bierd and a Private Treasury UCC Contract Trust Account is accepted for value and exempt from levy.

23. On or around February 22, 2005, Shawn Bierd mailed a "Notice of Pre-authorized Use of Credit," "copy of charging instrument," and "copy of bill of exchange with statement of account and processing instructions" to "John Snow, Trustee."

24. In 2005, John Snow was the Secretary of the United States Treasury.

25. In the "Notice of Pre-Authorized Use of Credit" Shawn Bierd requested that the

Internal Revenue Service use his "exemption" to settle the tax liabilities of Advance Auto Body LLC and his "private "Set-Off Account" for the "adjustment of fees associated with this authorization." Needless to say, this Notice is frivolous and Bierd has no exemption or private set-off account that can be used to pay Advance Auto Body LLC's federal tax liabilities.

26. In a letter dated June 1, 2007, and titled "Request for Details on Taxes Owed" Shawn Bierd, signing as representative for Advance Auto Body LLC requested that the IRS provide him with a variety of documents within 20 days, or the IRS would be "on record as stipulating" in essence, that Advance Auto Body did not owe any taxes.

27. On or around August 30, 2007, Advance Auto Body LLC filed a Request for Collection Due Process Hearing in response to the IRS's Notice of Intent to Levy related to Form 941 tax liabilities for all four quarters of 2003 and the first three quarters of 2004.

28. On or around October 19, 2007 Shawn Bierd sent a letter to the IRS regarding the Collection Due Process and referenced a bogus discharge instrument, a data integrity board hearing, and a request that the taxpayer's accounts be reviewed by a criminal investigator.

29. After the IRS Appeals Office sent a Notice of Determination to Advance Auto Body LLC dated November 30, 2007, Shawn Bierd again corresponded with the IRS on behalf of Advance Auto Body LLC frivolously referencing a "bill of exchange."

30. The IRS is thus unable to bring Advance Auto Body LLC into compliance with its employment tax obligations by administrative collection actions.

31. An injunction by this Court ordering Advance Auto Body LLC and Shawn and Katrina Bierd to comply with the federal payroll tax requirements is necessary and appropriate for the following reasons:

a. The IRS has no adequate remedy at law other than an injunction because the above facts demonstrate that traditional collection methods have not and will not convince Advance Auto Body LLC and the Bierds to stop pyramiding federal tax liabilities.

b. Advance Auto Body LLC's payroll tax liabilities continue to accrue. Absent an injunction, based on its past tax history, Advance Auto Body LLC is likely to accrue additional unpaid employment and unemployment taxes each quarter that the United States will not be able to collect.

c. If the defendants are not enjoined the United States will suffer irreparable injury. Defendants' conduct results in the loss of both the employer's FICA and FUTA tax contributions and the employees' FICA and federal income taxes. Absent an injunction, the IRS will have to devote substantial time and resources to attempt to collect the taxes owed and required to be paid over by the defendants.

d. An injunction will compel the defendants to conduct business like every other tax-paying business in the country. This will not result in an injury to defendants, but instead will compel them to comply with the nation's tax laws by filing the appropriate returns and paying taxes.

e. Defendants' failure to pay employment and unemployment taxes gives Advance Auto Body LLC an unfair advantage over competitors and other businesses because it effectively obtains the same amount of labor for less total payroll cost. An injunction will protect the public's interest in fair competition by halting the defendants' unfair practices and thereby more effectively leveling the playing

  field.

  32. Defendants substantially interfere with the internal revenue laws by continually failing to pay Advance Auto Body LLC's employment tax obligations required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402. An injunction is appropriate and necessary to prevent continued violations.

  33. The Court should order injunctive relief under 26 U.S.C. § 7402(a) against Advance Auto Body LLC, Shawn Bierd, and Katrina Bierd.

  **COUNT II: Claim to Reduce Tax Assessments of Advance Auto Body LLC to Judgment**

  34. A delegate of the Secretary of the Treasury of the United States made assessments against Advance Auto Body LLC for its failure to pay the federal employment and federal unemployment taxes set forth above in paragraph 16.

  35. Notices of the assessments and demands for payment thereof were sent to Advance Auto Body LLC by the Internal Revenue Service in accordance with the law.

  36. Advance Auto Body LLC has failed, neglected or refused to pay the amount of each assessment in full and, after the application of all abatements, payments and credits, remains indebted to the United States for unpaid internal revenue taxes and interest in the amount of $113,395.35, plus statutory interest and additions accruing after May 9, 2011.

  **COUNT III: Claim to Reduce Tax Assessments against Individual Defendants to Judgment**

  37. Shawn Bierd was a person responsible for collecting, accounting for and paying over to the United States the federal employment taxes that were required to be withheld from the wages of the employees of Advance Auto Body LLC for each of the quarters during the period

December 31, 2004 through June 30, 2007.

38. Shawn Bierd willfully failed to collect, account for, and pay over to the United States the federal employment taxes that Advance Auto Body LLC was required to pay to the United States for the time periods listed in paragraph 39, below.

39. As a result, on the dates set forth below and for the time periods shown, the Internal Revenue Service made assessments against Shawn Bierd for trust fund recovery penalties pursuant to 26 U.S.C. § 6672.

| Tax Period Ending | Assessment Date | Amount of Assessment | Amount Due as of 5/9/2011 |
|---|---|---|---|
| 12/31/04 | 06/28/10 | $1,981.23 | $ 2,045.75 |
| 03/31/05 | 06/28/10 | $3,039.19 | $ 3,138.19 |
| 06/30/05 | 06/28/10 | $1,122.91 | $ 1,159.49 |
| 09/30/05 | 06/28/10 | $ 903.04 | $ 932.46 |
| 12/31/05 | 06/28/10 | $ 553.79 | $ 571.83 |
| 03/31/06 | 06/28/10 | $ 840.71 | $ 868.09 |
| 06/30/06 | 06/28/10 | $1,136.36 | $ 1,173.37 |
| 09/30/06 | 06/28/10 | $ 988.56 | $ 1,020.76 |
| 12/31/06 | 06/28/10 | $1,056.57 | $ 1,090.98 |
| 03/31/07 | 06/28/10 | $1,244.74 | $ 1,285.28 |
| 06/30/07 | 06/28/10 | $ 974.94 | $ 1,006.69 |
| 09/30/07 | 06/28/10 | $1,183.93 | $ 1,222.49 |
| | Total: | | $ 15,515.38 |

40. Katrina Bierd was a person responsible for collecting, accounting for and paying over

to the United States the federal employment taxes that were required to be withheld from the wages of the employees of Advance Auto Body LLC for each of the quarters during the period December 31, 2004 through June 30, 2007.

41. Katrina Bierd willfully failed to collect, account for, and pay over to the United States the federal employment taxes that Advance Auto Body LLC was required to pay to the United States for the time periods listed in paragraph 42, below.

42. As a result, on the dates set forth below and for the time periods shown, the Internal Revenue Service made assessments against Katrina Bierd for trust fund recovery penalties pursuant to 26 U.S.C. § 6672.

| Tax Period Ending | Assessment Date | Amount of Assessment | Amount Due as of 5/9/2011 |
|---|---|---|---|
| 12/31/04 | 06/28/10 | $1,981.23 | $ 2,107.10 |
| 03/31/05 | 06/28/10 | $3,039.19 | $ 3,138.19 |
| 06/30/05 | 06/28/10 | $1,122.91 | $ 1,159.49 |
| 09/30/05 | 06/28/10 | $ 903.04 | $ 932.46 |
| 12/31/05 | 06/28/10 | $ 553.79 | $ 571.83 |
| 03/31/06 | 06/28/10 | $ 840.71 | $ 868.09 |
| 06/30/06 | 06/28/10 | $1,136.36 | $ 1,173.37 |
| 09/30/06 | 06/28/10 | $ 988.56 | $ 1,020.76 |
| 12/31/06 | 06/28/10 | $1,056.57 | $ 1,090.98 |
| 03/31/07 | 06/28/10 | $1,244.74 | $ 1,285.28 |
| 06/30/07 | 06/28/10 | $ 974.94 | $ 1,006.69 |
| 09/30/07 | 06/28/10 | $1,183.93 | $ 1,222.49 |
| | Total: | | $ 15,576.73 |

43. Despite notices and demands for payment of the above assessments, Shawn Bierd has neglected or refused to pay over the amounts assessed against him. There remains due and owing to the United States the sum of $15,515.38, plus statutory interest and additions accruing after May 9, 2011.

44. Despite notices and demands for payment of the above assessments, Katrina Bierd has neglected or refused to pay over the amounts assessed against her. There remains due and owing to the United States the sum of $15,576.73, plus statutory interest and additions accruing after May 9, 2011.

WHEREFORE, the United States requests that the Court:

A. Enter an injunction against Advance Auto Body LLC, Shawn Bierd, and Katrina Bierd, requiring that the defendants (individually and doing business under any other name or entity):

(1) Deposit withheld FICA and income taxes, as well as the employer's share of FICA taxes of Advance Auto Body LLC, in an appropriate federal depository bank in accordance with federal deposit regulations;

(2) Deposit Advance Auto Body LLC's FUTA taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

(3) For a period of five years, sign and deliver to a designated IRS officer on the first day of each month an affidavit stating that the requisite withheld income, FICA and FUTA tax deposits were timely made;

(4) Timely file all federal employment and unemployment returns (including Forms 940 and 941) of Advance Auto Body LLC with the IRS;

(5) Timely pay all required outstanding liabilities due with each tax return at the time the return is filed;

(6) For a period of five years, sign and deliver to a designated IRS officer on the 20th day of the month following each quarter, a signed affidavit stating that the Form 941 for the preceding quarter was timely filed, and stating the date, time and place it was filed;

(7) For a period of five years, sign and deliver to a designated IRS officer on the 15th of February of each year, a signed affidavit stating that the Form 940 for the preceding year was timely filed, and stating the date, time and place it was filed;

(8) Be prohibited from making any disbursement or assigning any property from the date of payment of any wages until the amounts which are required to be withheld from the payment of those wages and the employer's share of FICA taxes related to those are wages are paid to the IRS; and

(9) Notify the IRS of any new company, entity or business that any defendant may come to own, manage or be employed by in the next five years;

B. Enter judgment in favor of the United States and against Advance Auto Body LLC for unpaid federal tax liabilities in the amount of $113,395.35, plus statutory additions accruing according to law after May 9, 2011;

C. Enter judgment in favor of the United States and against Shawn Bierd for unpaid federal tax liabilities in the amount of $15,515.38, plus statutory additions accruing according to law after May 9, 2011;

D. Enter judgment in favor of the United States and against Shawn Bierd for unpaid

federal tax liabilities in the amount of $15,576.73, plus statutory additions accruing according to law after May 9, 2011;

  E. Grant the United States its costs incurred in the commencement and prosecution of this action; and

  F. Grant the United States such other and further relief as the Court deems proper and just.

Dated May 17, 2011

              JOHN W. VAUDREUIL

              United States Attorney

              *s/Miranda Bureau*
              MIRANDA BUREAU
              Trial Attorney, Tax Division
              United States Department of Justice
              P.O. Box 7238
              Washington, DC 20044
              Phone: (202) 353-9171
              Fax: (202) 514-6770
              Email: Miranda.j.bureau@usdoj.gov